O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE/MAX MEGA GROUP, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAXUM INDEMNITY COMPANY, a Delaware corporation; ~~S.H. SMITH & COMPANY, INC., a Connecticut corporation~~,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 09-06310 DDP (CTx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>[Motion filed on November 12, 2010] |

　　Presently before the Court is Plaintiff RE/MAX MEGA GROUP's Motion for Reconsideration of the court's September 24, 2010, Order striking the Plaintiff's Opposition to Defendant's Motion for Summary Judgment and granting Summary Judgement in favor of Defendant Maxum Indemnity Company.  After reviewing the parties' moving papers and considering the arguments therein, the court denies the motion.

　　Federal Rule of Civil Procedure 59(e) allows for "motion[s] to alter or amend a judgment."  Reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Id.</u> (internal quotation marks omitted).

Similarly, local Rule 7-18 provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Here, Plaintiff RE/MAX MEGA GROUP argues that Defendant Maxum Indemnity Company did not meet its initial burden of demonstrating a lack of disputed issues of material fact. (Pl.'s Motion 4:19-22.) The court disagrees. First, the court granted Defendant summary judgment as a matter of law. Plaintiff has offered no new evidence or intervening law that would affect the court's order. Second, with respect to the affidavits of Peter DeJesso, Adam D.H. Grant, and Robert Clark, Defendant filed a notice of errata advising the court and Plaintiff that the affidavits were electronically filed without the second page due to an inadvertent error. This error was promptly corrected, and the declarations are

2

1  and were part of the record for purposes of the court's September
2  24, 2010 order.
3      In sum, Plaintiff has failed to satisfy the court that the
4  court should exercise the extraordinary remedy of granting
5  Plaintiff's motion for reconsideration.  Plaintiff does not allege
6  a "highly unusual circumstance," nor does it present the court with
7  newly discovered evidence, clear error, or a change in controlling
8  law.
9      Plaintiff's Motion for Reconsideration is DENIED.

12  IT IS SO ORDERED.

15  Dated: December 21, 2010
                                    _____
16                                   DEAN D. PREGERSON
                                     United States District Judge