Les W. Robertson (SBN 140796)
Courtney E. Leverty (SBN 225931)
Robertson & Associates, APC
655 West Broadway, Suite 1410
San Diego, CA 92101
Tel: (619) 531-7000; Fax: (619) 531-7007
E-mail: lrobertson@robertsonapc.com
E-mail: cleverty@robertsonapc.com

JS-6

Attorneys for Defendants MAXUM INDEMNITY COMPANY and S.H. SMITH & COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RE/MAX MEGA GROUP, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MAXUM INDEMNITY COMPANY, a Delaware Corporation; S.H. SMITH & COMPANY, INC., a Connecticut Corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. CV 09-06310 DDP (CTx)<br><br>**JUDGMENT**<br><br>[Fed. R. Civ. Proc. Rule 56] |

This matter having come on before this Court on Defendant Maxum Indemnity Company's ("Maxum") Motion for Summary Judgment against Plaintiff Re/Max Mega Group ("Re/Max"), and the Court, having reviewed all papers and pleadings of record and being fully advised of the premises, the Court finds the uncontroverted facts as follows:

1. Maxum issued its Professional Liability Non-Medical (Claims Made) Policy No. PFP6005334-01, effective December 22, 2006 through December 22, 2007 to Geenoh Corp. dba Re/Max Mega Group ("Re/Max").

2. The Policy provides that Maxum will indemnify Plaintiff for damages it becomes legally obligated to pay "because of a negligent act, error or omission in the rendering of or failure to render 'professional services' and will defend Plaintiff "against any 'suit' seeking those damages," subject to certain limitations.

3. The coverage provision states that it applies only if (1) "[t]he negligent act, error, or omission did not occur before the Retroactive Date, if any, shown in the Declarations, and (2) [t]he claim is reported to us as soon as practicable, but in no evident later than thirty (30) days after the notice to any 'insured.'

4. The Retroactive Date is December 22, 2006.

5. The Definitions provision explains that 'claim' means a written or verbal demand received by an 'insured' for money or services, including notice of service of 'suit' or institution of any administrative, judicial, arbitration or alternative dispute proceedings against any 'insured.'

6. A "suit" is defined as "a civil proceeding in which such 'damages' because of the rendering of or failure to render 'professional services' to which this insurance applies are alleged."

7. A "suit" includes (a) "[a]n arbitration proceeding in which such 'damages' are claimed and to which any 'insured' must submit or does submit with our consent, and any other alternative dispute resolution proceeding in which such 'damages' are claims and to which any 'insured' submits with our

(09cv06310)

consent.

8. In the Underlying Action, Suk Young Yoo ("Yoo"), a buyer of residential property who was represented in the purchase by Plaintiff and Maxum's Insured, Re/Max and its agent Lynn Kim, sued for 1) breach of contract; 2) negligence; 3) breach of fiduciary duty; 4) violation of Civil Code §1102; 5) fraud; and 6) negligent misrepresentation.

9. Yoo, a Korean native who speaks little English alleged that Plaintiff and its agent, Lynn Kim represented Yoo in purchasing a residence located in Rancho Palos Verdes (hereinafter the "Property") pursuant to an agency agreement dated October 19, 2006.

10. On October 19, 2006, the same day as the agency agreement, Yoo entered into a Purchase Agreement to buy the Property.

11. Paragraph 14 of the California Residential Purchase Agreement set forth the various deadlines in connection with the sale and provided that the time periods could be extended, altered, modified, or changed by mutual agreement in writing.

12. Pursuant to Paragraph 14, the seller was required to provide the buyer with all required reports, disclosures, and information no later than seven days from the date of acceptance of the contract.

13. The seller was required to disclose known material facts and defects affecting the property, provide the buyer with a current preliminary title report,

(09cv06310)

disclose all matters known to affect title whether of record or not, and make other disclosures required by law.

14. The buyer had seventeen days after acceptance to complete all investigations, approve all disclosures, reports, and applicable information received from the seller.

15. By the end of the seventeenth day period, the buyer was required to remove any contingencies or cancel the agreement.

16. The original close of escrow, defined as the date upon which evidence of transfer of title is recorded, was to occur on December 21, 2006.

17. On October 30, 2006 a preliminary title report was issued, showing that the property was subject to three liens, the face value of which exceeded the purchase price, and an option contract required that the Property be sold for not less than $1,682,000.

18. Ms. Kim, Yoo's agent employed by Plaintiff, received a copy of the preliminary title report on November 16, 2006, and reported it to Plaintiff in November.

19. According to Yoo, Plaintiff and Kim failed to disclose the liens, the option contract, or the fact that the property was subject to foreclosure because the seller had been in default.

20. Before Yoo filed the Underlying Action, Yoo's attorney sent several letters to Plaintiff.

21. On January 26, 2007, Yoo's attorney mailed and faxed a letter to Plaintiff, with a subject line "Suk Young Yoo v. ReMax; Lynn Kim, et. al. and stating as follows:

> Please be advised that Mr. & Mrs. Yoo has [sic] retained this law firm to represent its [sic] interests regarding the purchase of 3546 Starline Drive, Rancho Palos Verde ("the property"). You are hereby instructed not to contact our clients regarding this matter. Please direct all further communications to this office.
>
> Based on our review of the facts of this matter, your employee/agent Lynn Kim acted as the Real Estate Agent for the sale of the Property. Based on our review of the file, her action constitutes negligence at the very least, but most likely will amount to fraud. Thus her actions will likely subject her and Re/Max to punitive damages. Ms. Lynn Kim retained separate counsel in this matter and advised us not to contact Re/Max separately. However, we believe that Re/Max's exposure in this case is significant and therefore, please submit this letter to your insurance carrier and have your counsel contact our office immediately.

22. On February 8, 2007, Yoo's lawyer mailed and faxed another letter titled "Request for Mediation" and stating that "Suk Young Yoo, hereby request [sic] for mediation pursuant to Paragraph 17B.(3) of the California Residential Purchase Agreement and Joint Escrow Instructions ("Agreement") executed on October 19, 2006 with your company and Lynn Kim, acting as an agent/broker for the transaction.

23. The letter then explains, in detail, the nature of Yoo's claims against Re/Max and Kim, and concludes by stating that "if we do not hear from you by February 13, 2007, we will assume you elect not to mediate and pursue other

(09cv06310)

legal option [sic] including but not limited to, filing a lawsuit in a court of law and a report against you and your agent, Lynn Kim with the Department of Real Estate for the violations of professional code of duties and ethics.

24. On February 22, 2007, Yoo's lawyer mailed and faxed a third letter, enclosing a copy of the Complaint and stating "we will file these documents with the Court and the Department of Real Estate Enforcement Division to commence formal proceedings against you and Lynn Kim on Monday, February 26, 2007 unless notified by Friday, February 23, 2007, that Plaintiff would like to participate in the mediation.

25. Plaintiff responded via a faxed letter on March 5, 2007, confirming prior phone calls regarding the mediation and informing Yoo's lawyer that Plaintiff would participate in mediation.

26. Plaintiff's lawyer, David Won, faxed a letter to Yoo's lawyer on March 7, 2007, stating that he represented both Plaintiff and Lynn Kim and stating that he believed "that all parties, including, but not limited to, the seller, the seller's broker (American Realty), the buyer and our clients, will participate in the mediation."

27. After an unsuccessful mediation on April 6, 2007, Yoo filed suit against Plaintiff on May 7, 2007.

28. Maxum first notice of Yoo's claim was on June 6, 2007.

29. On that day, Maxum received from Re/Max a copy of the complaint filed in

Case 2:09-cv-06310-DDP-CT Document 93 Filed 01/18/11 Page 7 of 8 Page ID #:3697

the underlying action (without exhibits), various notices of depositions and a copy of a lease written in both Korean and English.

30. On June 11, 2007, Maxum disclaimed coverage for the claim, stating that "[t]he alleged negligent act is alleged to have occurred on 10/19/06 or prior to that date. This date is prior to the retroactive date of 12/22/06…"

31. The letter stated that "[b]y this disclaimer, we do not waive any other rights or privileges under the terms and conditions" of the Policy.

32. On April 14, 2008, after receiving a request to reconsider the decision, Maxum sent a fax to Plaintiff's counsel stating that "[i]t appears this matter was previously submitted and we disclaimed coverage."

33. On April 23, 2008, Maxum sent a third letter "stand[ing] by" the disclaimer.

34. The Complaint alleges that the Underlying Action was resolved through settlement or $60,000 plus attorneys fees and costs of enforcement.

FURTHER, the Court makes the following conclusions of law:

1. The Court did not consider Plaintiff's Motion to Strike nor its opposition to Defendant's motion (Docket No. 47-52, 55-65) because Plaintiff failed to comply with the Court's local rules and previous order requiring that any opposition be timely filed; and as such documents were stricken from the Docket;

2. Maxum owed no duty to defend or indemnify Plaintiff for the allegations contained in the Complaint because Plaintiff failed to provide Maxum with

(09cv06310)

notice of the claim relating to the *Suk Young Yoo v. Re/Max Mega Group, Inc., et. al.*, State of California, County of Los Angeles, Superior Court Case No. BC370637 within the time required by the Maxum policy, a condition precedent to coverage; and

3. Maxum did not waive its right to assert untimely notice for denial of coverage because it did not state such in its denial letters.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that pursuant to Fed. R. Civ. Pro. 56 Judgment should be entered in favor of Defendant Maxum and against Plaintiff Re/Max.

DATED: January 18, 2011

_____
Honorable Dean D. Pregerson